## BILL WILSON v. STATE.

No. A-6725. Opinion Filed June 8, 1929.
Rehearing Denied July 20, 1929.
(278 Pac. 1117.)

Amil H. Japp and C. C. Campbell, for plaintiff in error.

Edwin Dabney, Atty. Gen., for the State.

EDWARDS, P. J. The plaintiff in error, hereinafter called defendant, was convicted in the district court of Cotton county of grand larceny and his punishment fixed at a term of one year in the state penitentiary.

The judgment was rendered in February, 1927, and the appeal was lodged in this court in August, 1927. No briefs in support of the appeal have been filed, and no appearance for oral argument was made at the time the case was submitted. The information charges defendant with the larceny of two hound dogs. The writer of this opinion being a native of the state of Arkansas, and knowing his hound dogs, approached the record with the dogmatic opinion that as an article of commerce, so far as paying dividends is concerned, the ownership of a hound dog is a distinct liability and not an asset, and that owning two hounds is inviting calamity. In these degenerate days the hound dog, like the poodle and the pekinese, has become a luxury and not a necessity. It is shown by the testimony that defendant in one and the same transaction did take, steal, and entice away from the owner, two hound dogs, and he admits that a short time thereafter he sold them for $75, lawful money of the United States. Dogs have frequently been the subject of litigation in cases of both law and equity as well as in criminal causes, and a considerable legal literature upon the subject has arisen. See Strong v. Ga., etc., Ry. Co., 118 Ga. 515, 45 S. E. 366; Patton v. State, 93 Ga. 111, 19 S. E. 734, 24 L. R. A. 732; State v. Harriman, 75 Me. 562, 46 Am. Rep. 423.

At common law a dog was not the subject of larceny. 3 C. J. p. 16, § 4; People v. Campbell, 4 Parker, Cr. R. (N. Y.) 386. Sections 2117 and 2118, Comp. St. 1921, provide in substance that a dog, when listed for taxation is to be considered personal property for all purposes, and that the degree of the offense for the larceny of a dog is determined by the amount for which such animal is listed for taxation.

No fundamental error being apparent, the case is affirmed.

DAVENPORT and CHAPPELL, JJ., concur.